MICHAEL D. SCHULMAN, ESQ.    (#137249)
LAW OFFICES OF MICHAEL D. SCHULMAN
21800 OXNARD STREET, SUITE 750
WOODLAND HILLS, CA 91367-7305
(818) 999-5553

Attorneys for Defendant
DEPARTMENT STORES NATIONAL BANK

# UNITED STATES DISTRICT COURT

## NORHTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA S. TICZON, an individual, | Case No.: |
| Plaintiff, | NOTICE OF REMOVAL BY DEFENDANT DEPARTMENT STORES NATIONAL BANK |
| v. | |
| MACY'S, INC., a Delaware Corporation; DEPARTMENT STORES NATIONAL BANK; DOES 1 THROUGH 10, | Pursuant to 28 U.S.C. Section 1441(b) |
| | (Federal Question) |
| Defendants | |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT, pursuant to Section 1441(b) and Section 1446 of Title 28 of the United States Code, defendant Department Stores National Bank ("DSNB") hereby removes the action entitled Maria S. Ticzon v. Macy's, Inc., Department Stores National Bank, et al., Superior Court of the State of California for the County of San Mateo, Case No. CLJ471675 (the "Action"), filed by plaintiff Maria S. Ticzon ("Plaintiff"), to the United States District Court for the Northern District of California on the following grounds.

-1-

1.    On April 22, 2008, DSNB received service by certified mail of the Summons and Complaint in the Action. DSNB is informed and believes that defendant Macy's, Inc. received service by certified mail of the Summons and Complaint in the Action on April 22, 2008. True and correct copies of the Summons and Complaint served on DSNB are attached hereto as Exhibits 1 and 2, respectively.

2.    On May 21, 2008, DNSB filed its Answer to the Complaint in the San Mateo County Superior Court, a true and correct copy of which is attached hereto as Exhibit 3.

3.    Based on the foregoing, DSNB has timely filed this Notice of Removal within thirty days of service of the Complaint. See 28 U.S.C. § 1446(b).

### FEDERAL QUESTION

4.    The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1331 and is one which may be removed to this Court by DSNB pursuant to the provisions of 28 U.S.C. Section 1441(b) in that Plaintiffs have alleged, among other things, a violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692, et seq. ("FCRA"), a claim that is created by, and arises under, federal law.

5.    Defendant Macy's, Inc. has consented to removal of this action. A true and correct copy of Macy's consent is attached hereto as Exhibit 4.

6.    DSNB simultaneously is filing a copy of this Notice of Removal with the Superior Court of the State of California for the County of San Mateo. DSNB will serve Plaintiff with copies of this Notice of Removal and the Notice filed in state court.

DATED: May 22, 2008        LAW OFFICES OF MICHAEL D. SCHULMAN

By _____
MICHAEL D. SCHULMAN
Attorneys for Defendant
DEPARTMENT STORES NATIONAL BANK

-2-

NOTICE OF REMOVAL

Exhibit "1"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
(AVISO AL DEMANDADO):
MACY'S, INC., a Delaware corporation; DEPARTMENT STORES
NATIONAL BANK; DOES 1 THROUGH 10

**YOU ARE BEING SUED BY PLAINTIFF:**
(LO ESTÁ DEMANDANDO EL DEMANDANTE):
MARIA S. TICZON, an individual

**ENDORSED FILED**
SAN MATEO COUNTY

APR 0 2 2008

Clerk of the Superior Court
By _____
Deputy Clerk

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| | CASE NUMBER: (Número del Caso): CIV 471675 |

The name and address of the court is:
(El nombre y dirección de la corte es):
Superior Court of California, County of San Mateo
Southern Branch - Limited Civil
400 County Center, Redwood City, CA. 94063-1655

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Irving L. Berg, Attorney at Law, THE BERG LAW GROUP    DANIEL SHEA
145 Town Center, PMB 493, Corte Madera, CA 94925, (415) 924-0742

DATE:    APR 0 2 2008    JOHN C. FITTON, Clerk, by _____, Deputy
(Fecha)    (Secretario)    (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

Exhibit "2"

1    Irving L. Berg (SBN 36273)
    THE BERG LAW GROUP
2    145 Town Center, PMB 493
    Corte Madera, California 94925
3    (415) 924-0742
    (415) 891-8208 (Fax)
4    irvberg@comcast.net (e-mail)

5

6    ATTORNEYS FOR PLAINTIFF

7             SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                   COUNTY OF SAN MATEO

                     LIMITED CIVIL

9

10   MARIA S. TICZON, an individual,      Case No.:    **CLJ 471675**

11              Plaintiff,        **COMPLAINT FOR DAMAGES FOR
                                UNLAWFUL DEBT COLLECTION
   v.                                 PRACTICES**

12   MACY'S, INC., a Delaware corporation;
    DEPARTMENT STORES NATIONAL        **DEMAND FOR JURY TRIAL**

13   BANK; DOES 1 THROUGH 10,

14            Defendants.         /

15                    **I. INTRODUCTION**

16      1.     Plaintiff is a resident of San Mateo County. Plaintiff brings this lawsuit to seek

17   redress for Defendants' violation of the California and Federal Fair Debt Collection Practices

18   law. The California law is at Cal. Civ. Code § 1788 et seq. ("CA FDCPA"). The Federal law is

19   at 15 U.S.C. § 1692 et seq. ("FDCPA").

20      2.     Defendants are debt collectors under the provisions of Cal. Civ. Code § 1788.2(c),

21   which provides:

22           **(c) The term "debt collector" means any person who, in the
23           ordinary course of business, regularly, on behalf of himself or
            herself or others, engages in debt collection.**

24      3.     California law incorporates provisions of Federal law pursuant to Cal. Civ. Code

25   § 1788.17, which provides:

26           **...that every debt collector collecting or attempting to collect a
27           consumer debt shall comply with the provisions of sections
            1692b to 1692j...of Title 15 of the United States Code.**

28      4.     Plaintiff seeks statutory damages, attorney's fees, and court costs.

   COMPLAINT FOR DAMAGES          1       MARIA S. TICZON V. MACY'S, INC., et al.

## II. JURISDICTION AND VENUE

5.    Jurisdiction in this court is conferred by 15 U.S.C. § 1692k(d), and Cal. Code Civ. Proc. §§ 86 and 410.10.

6.    Venue is proper in this court because Plaintiff resides in this county, Defendants do business in this county, and the collection communications were received in this county.

## III. PARTIES

7.    Plaintiff, MARIA S. TICZON ("Consumer" and "Plaintiff") is a married woman who resides in San Mateo County.

8.    Defendant MACY'S, INC. ("Macy's"), a Delaware corporation, is a national retail vendor of consumer goods. Its principal office is located at 7 West Seventh Street, Cincinnati, Ohio 45202. A corporate officer may be served with process at the aforesaid corporate office.

9.    Defendant DEPARTMENT STORES NATIONAL BANK ("DSNB") issues credit cards for Macy's. Its corporate office is located at 701 East 60th Street, North, Sioux Falls, South Dakota 57117. A corporate officer may be served with legal process at the aforesaid corporate office.

10.    Defendants Macy's and DSNB are a single economic unit wherein Defendant DSNB issues credit cards for use at Macy's retail stores. Defendant Macy's and DSNB are sometimes hereafter collectively referred to as "Macy's."

11.    Plaintiff is ignorant of the true names or capacities of the defendants sued herein under the fictitious names of DOE ONE through TEN inclusive.

12.    Each of the fictitiously named Doe Defendants is responsible in some manner for the wrongdoing alleged herein, and is liable for the damages recoverable by Consumer. Each of the Defendants was acting as agent or employee for the others.

## IV. FACTUAL ALLEGATIONS

13.    Some time ago, Plaintiff applied for a credit card account with Macy's. A card was issued to Plaintiff. Plaintiff used the card to charge goods for Plaintiff's personal and family needs.

14.    Plaintiff defaulted in payment on the credit card account because of financial

COMPLAINT FOR DAMAGES                    2            MARIA S. TICZON V. MACY'S, INC., et al.

1  setbacks and increasing interest charges and late fees.

2      15.    Plaintiff was worried over making payments on the Macy's account and other

3  credit card accounts.

4      16.    Plaintiff was frightened by aggressive and deceitful collection callers.

5      17.    Plaintiff sought relief from the serious financial circumstances by enlisting the aid

6  of an attorney.

7      18.    Plaintiff retained Irving L. Berg to represent Plaintiff in dealing with Plaintiff's

8  creditors.

9      19.    Plaintiff was advised by the attorney that calls and correspondence from

10  Plaintiff's creditors and collectors should be referred to Plaintiff's attorney and that the law

11  required that, upon notice of attorney representation, creditors are required to leave Plaintiff

12  alone and to deal only with Plaintiff's legal representative.

13      20.    Plaintiff's attorney notified Defendants, by letter dated February 20, 2008, of his

14  representation of Plaintiff. True and correct copies of the letters are attached as Exhibits A and B.

15      21.    Defendants, nonetheless, made multiple calls to Plaintiff, causing Plaintiff upset,

16  stress, and embarrassment.

17      22.    Defendants' conduct violates California and Federal law, as hereafter alleged.

18                    V.  **CLAIM FOR RELIEF**

19      23.    Cal. Civ. Code § 1788.14 states:

20          No debt collector shall collect or attempt to collect a consumer
           debt by means of the following practices:
21
           c) Initiating communications, other than statements of account,
22          with the debtor with regard to the consumer debt, when the debt
           collector has been previously notified in writing by the debtor's
23          attorney that the debtor is represented by such attorney with respect
           to the consumer debt and such notice includes the attorney's name
24          and address and a request by such attorney that all communications
           regarding the consumer debt be addressed to such attorney....
25
     24.    Defendants' conduct is outlawed equally under Federal law, 11 U.S.C. §
26
  1692c(a)(2), which states:
27
          (a)    Communication with the consumer generally
28

COMPLAINT FOR DAMAGES                3        MARIA S. TICZON v. MACY'S, INC., et al.

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt:

(2)    if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer. . . .

Federal law is incorporated into California law pursuant to Cal. Civ. Code § 1788.17, with federal liability imposed:

Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in section 1692k of Title 15 of the United States Code.

## VI. PRAYER

WHEREFORE, Plaintiff prays for the following relief:

A.    Statutory damages against Defendant DSNB of $2,000;

B.    Statutory damages against Defendant Macy's of $2,000;

C.    Actual damages against Defendants of $2,000.

D.    Statutory damages against each Doe Defendant of $4,000, each to pay its pro rata share;

E.    Reasonable attorney's fees and costs, pursuant to Cal. Civ. Code § 1788.32.

Dated: 3.29.8

Irving L. Berg
THE BERG LAW GROUP
145 Town Center, PMB 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)

ATTORNEYS FOR PLAINTIFF

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: 3-25-08

Irving L. Berg

COMPLAINT FOR DAMAGES                4                MARIA S. TICZON V. MACY'S, INC., et al.

**EXHIBIT A**

**THE BERG LAW GROUP**
*ATTORNEYS AND COUNSELORS AT LAW*
*145 Town Center, PMB 493*
*Corte Madera, California 94925*
*Phone: (415) 924-0742 Fax: (415) 891-8208*
*e-mail irvberg@comcast.net*

IRVING L. BERG, ESQ.

February 20, 2008

Macy's
PO Box 6938
The Lakes, NV 88901-6938

Re:    *Marica Ticzon*                           Notice of Attorney Representation and
       Your Acct #: xxxx716-0                    Notice of Dispute
       Alleged Creditor: Department Stores National
                          Bank

Dear Sir or Madam:

I am the attorney for the consumer noted above. You are advised to direct all communications to my office in connection with the collection of any debt allegedly owed by my client to your company or your client; related companies; or companies to whom the debt is assigned or sold.

Please address all inquiries to my attention in writing. The captioned debt is disputed. Please forward verification of the debt. In the unlikely event that the legal relationship with my client is terminated, you will be notified in writing.

Your collection practices are governed by Federal and California consumer laws. If you have any doubt as to these matters, deliver this letter to your attorney or insurance carrier. The law prohibits you from contacting my client, my client's employer, or my client's family regarding the alleged debts.

Further, please note that, should a legal action be brought against you in connection with your collection practices, the legal action could result in a judgment that would include actual costs of filing the complaint, actual costs of service of process, and reasonable attorney's fees.

Your co-operation is appreciated.

Sincerely,

Irving L. Berg
ILB/cf

replaterCDS rev 2/04/hm

**EXHIBIT B**

THE BERG LAW GROUP
ATTORNEYS AND COUNSELORS AT LAW
145 Town Center, PMB 493
Corte Madera, California 94925
Phone: (415) 924-0742 Fax: (415) 891-8208
e-mail irvberg@nnnnn.net

IRVING L. BERG, ESQ.                     February 20, 2008

Department Stores National Bank
701 E 60th St. N.
Sioux Falls, SD 57104

Re:   *Marica Ticzon*                    Notice of Attorney Representation and
      Your Acct #: xxxx716-0             Notice of Dispute
      Alleged Creditor: Department Stores National
                        Bank

Dear Sir or Madam:

I am the attorney for the consumer noted above. You are advised to direct all communications to
my office in connection with the collection of any debt allegedly owed by my client to your
company or your client; related companies; or companies to whom the debt is assigned or sold.

Please address all inquiries to my attention in writing. The captioned debt is disputed. Please
forward verification of the debt. In the unlikely event that the legal relationship with my client is
terminated, you will be notified in writing.

Your collection practices are governed by Federal and California consumer laws. If you have any
doubt as to these matters, deliver this letter to your attorney or insurance carrier. The law
prohibits you from contacting my client, my client's employer, or my client's family
regarding the alleged debts.

Further, please note that, should a legal action be brought against you in connection with your
collection practices, the legal action could result in a judgment that would include actual costs of
filing the complaint, actual costs of service of process, and reasonable attorney's fees.

Your co-operation is appreciated

Sincerely,

Irving L. Berg
ILB/ef

replmtr/CDd. rev 2/08/hm

Exhibit "3"

1   MICHAEL D. SCHULMAN, ESQ.   (#137249)
    LAW OFFICES OF MICHAEL D. SCHULMAN
2   21800 OXNARD STREET, SUITE 750
    WOODLAND HILLS, CA 91367-7305
3   (818) 999-5553

4

5   Attorneys for Defendant
    DEPARTMENT STORES NATIONAL BANK

6

7

8         **SUPERIOUR COURT OF CALIFORNIA, COUNTY OF SAN MATEO**

9               **MAIN COURTHOUSE, LIMITED CIVIL**

10

| | |
|---|---|
| MARIA S. TICZON, an individual, | Case No.: CLJ471675 |
| Plaintiff, | ANSWER OF DEFENDANT DEPARTMENT STORES NATIONAL BANK TO PLAINTIFF'S COMPLAINT FOR DAMAGES FOR UNLAWFUL DEBT COLLECTION PRACTICES |
| v. | |
| MACY'S, INC., a Delaware Corporation; DEPARTMENT STORES NATIONAL BANK; DOES 1 THROUGH 10, | Action Filed: April 2, 2008 |
| | Trial Date: None Set |
| Defendants. | |

18      Defendant Department Stores National Bank ("DSNB") hereby answers the Complaint

19  for Damages for Unlawful Debt Collection Practices filed by plaintiff Maria S. Ticzon

20  ("Plaintiff") or about April 2, 2008, and responds and alleges as follows:

21                  **GENERAL DENIAL**

22      Pursuant to California Code of Civil Procedure § 431.30(d), DSNB denies, generally and

23  specifically, in the conjunctive and disjunctive, each and every cause of action and allegation

24  contained within the Complaint, and the Complaint as a whole, and further denies that the relief

25  requested by Plaintiff is appropriate and/or that damages were sustained, or that DSNB's conduct

26  was objectionable or unreasonable, or that DSNB violated the requirements of any applicable

-1-

ANSWER TO COMPLAINT

statute. DSNB further denies that by reason of any act, fault, carelessness or omission on its part, Plaintiff has been injured, damaged or harmed in any way or in any amount whatsoever, or at all, by reason of any acts or omissions of DSNB. DSNB denies that Plaintiff is entitled to any actual damages, statutory damages, attorneys' fees and/or costs of suit.

FIRST AFFIRMATIVE DEFENSE

FAILURE TO STATE A CAUSE OF ACTION

1.    The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, on the grounds that the Complaint fails to set forth facts sufficient to state a cause of action against DSNB.

SECOND AFFIRMATIVE DEFENSE

ESTOPPEL

2.    The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, on the grounds that the conduct, actions and inactions of Plaintiff amount to and constitute an estoppel of the causes of action and any relief sought thereby.

THIRD AFFIRMATIVE DEFENSE

FAILURE TO MITIGATE

3.    The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, because although DSNB denies that Plaintiff has suffered any harm as alleged in the Complaint, to the extent that Plaintiff has suffered harm, she has failed to mitigate that harm.

FOURTH AFFIRMATIVE DEFENSE

COMPARATIVE NEGLIGENCE

4.    The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, on the grounds that DSNB denies any legal responsibility for the alleged damages of Plaintiff; however, to the extent that DSNB is found to be legally responsible, DSNB's legal responsibility is not the sole and proximate cause of such alleged injuries, and any damages awarded to Plaintiff are to be apportioned in accordance with the fault and legal

-2-
ANSWER TO COMPLAINT

responsibility, if any, of all parties, persons and entities who contributed to and/or caused said damages.

FIFTH AFFIRMATIVE DEFENSE

INDEPENDENT/INTERVENING CONDUCT

5.    The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, on the grounds that any damage sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent and unlawful conduct of independent third parties or her agents, and not any act or omission on the part of DSNB.

SIXTH AFFIRMATIVE DEFENSE

PREEMPTION AND PRIVILEGE

6.    The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, based on federal preemption and privilege.

SEVENTH AFFIRMATIVE DEFENSE

DSNB IS NOT A "DEBT COLLECTOR"

7.    Plaintiff's claim under the Federal Debt Collection Practices Act ("FDCPA") is barred because DSNB is not a "debt collector" subject to the FDCPA.

EIGHTH AFFIRMATIVE DEFENSE

FAILURE TO COMPLY WITH CONDITIONS PRECEDENT

8.    The Complaint, and each cause of action set forth therein, is barred, in whole or in part, on the grounds that Plaintiff failed to comply with conditions precedent for bringing such causes of action.

NINTH AFFIRMATIVE DEFENSE

STATUTE OF LIMITATIONS

9.    The Complaint, and each cause of action set forth therein, is barred, in whole or in part, based on the applicable statutes of limitations.

-3-

ANSWER TO COMPLAINT

TENTH AFFIRMATIVE DEFENSE

SET OFF

10.    To the extent Plaintiff is entitled to any recovery, which is assumed only for the purpose of this affirmative defense, DSNB is entitled to a set-off of any such recovery based on the amount owing to DSNB pursuant to the credit card account underlying Plaintiff's claims.

ELEVENTH AFFIRMATIVE DEFENSE

RESERVATION OF RIGHT TO ASSERT OTHER DEFENSES

11.    DSNB expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

WHEREFORE, DSNB prays for judgment as follows:

1.    That Plaintiff takes nothing by her Complaint;

2.    That the Complaint be dismissed with prejudice;

3.    That DSNB recover its attorneys' fees, expenses and costs herein, as allowed for under any applicable law; and

4.    For such other and further relief as the Court deems just and proper.

DATED: May 기, 2008        LAW OFFICES OF MICHAEL D. SCHULMAN

By _____

MICHAEL D. SCHULMAN
Attorneys for Defendant
DEPARTMENT STORES NATIONAL BANK

-4-

ANSWER TO COMPLAINT

**PROOF OF SERVICE**

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

     I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 21800 Oxnard Street, Suite 750, Woodland Hills, CA 91367.

     On May 21, 2008, I served the document described as:

ANSWER OF DEFENDANT DEPARTMENT STORES NATIONAL BANK TO PLAINTIFF'S COMPLAINT FOR DAMAGES FOR UNLAWFUL DEBT COLLECTION PRACTICES

on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope addressed as follows:

Irving L. Berg
The Berg Law Group
145 Town Center, PMB 94925
Corte Madera, CA 94925

X_ BY MAIL

     As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

__ BY PERSONAL DELIVERY.

__ BY FACSIMILE DELIVERY.

X_ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 21, 2008, at Woodland Hills, California.

_____Yvette Montejo_____          _____
Type or Print Name                      Signature

Exhibit "4"

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA S. TICZON, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>MACY'S, INC., a Delaware Corporation;<br>DEPARTMENT STORES NATIONAL BANK;<br>DOES 1 THROUGH 10,<br><br>        Defendants. | Case No.: [TBD]<br><br>**CONSENT TO REMOVAL BY<br>DEFENDANT MACY'S, INC.** |

1

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT, pursuant to Sections 1441 and 1446 of Title 28 of the United States Code, defendant Macy's, Inc. hereby joins in and consents to the notice of removal of this action filed by defendant Department Stores National Bank, without waiving its rights to assert any personal jurisdictional claims or other motions, including without limitation Rule 12 motions, as permitted by the Federal Rules of Civil Procedure.

Dated: May 21, 2008

Ann Munson Steines
Vice President and Deputy General Counsel
Macy's, Inc.