MICHAEL D. SCHULMAN (#137249)
LAW OFFICES OF MICHAEL D. SCHULMAN
21800 OXNARD STREET, SUITE 750
WOODLAND HILLS, CA 91367-7305
(818) 999-5553

ATTORNEYS FOR DEFENDANTS
DEPARTMENT STORE NATIONAL BANK AND
MACY'S, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA S. TICZON, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>MACY'S, INC., a Delaware Corporation;<br>DEPARTMENT STORES NATIONAL<br>BANK; DOES 1 THROUGH 10,<br><br>    Defendants. | Case No.: 4:08-cv-02594-WDB<br><br>**ANSWER OF DEFENDANT<br>DEPARTMENT STORES NATIONAL<br>BANK** |

1

Defendant Department Stores National Bank ("DSNB"), by and through the undersigned attorney, hereby answers the Complaint for Damages for Unlawful Debt Collection Practices (the "Complaint") filed by Plaintiff Maria S. Ticzon ("Plaintiff"). Unless otherwise admitted or alleged below, DSNB denies the allegations of the Complaint and denies that Plaintiff is entitled to any recovery in this action whatsoever.

## ANSWER

1. Answering Paragraph 1 of the Complaint, DSNB lacks sufficient knowledge as to the truth of the allegation in the first sentence and denies the allegation on such basis. DSNB states that the second, third and fourth sentences of Paragraph 1 state legal conclusions to which no response is required; to the extent a response is required, DSNB denies the allegations and further denies that it has any liability to Plaintiff in this action.

2. Answering Paragraph 2 of the Complaint, DSNB states that the allegations contain only legal conclusions to which no response is required; to the extent a response is required, DSNB admits that DSNB attempts to collect on credit card accounts issued by DSNB and lacks sufficient knowledge as to the truth of the allegations as directed to other defendants and denies the allegations on such basis.

3. Answering Paragraph 3 of the Complaint, DSNB states that this Paragraph states a legal conclusion to which no response is required; to the extent a response is required, DSNB states that the statutory provision cited speaks for itself.

4. Answering Paragraph 4 of the Complaint, DSNB admits that, based on the allegations of the Complaint, Plaintiff seeks statutory damages, attorneys' fees and courts costs, but denies that Plaintiff is entitled to any recovery against DSNB whatsoever.

5. Answering Paragraph 5 of the Complaint, DSNB admits that, based on the allegations of the Complaint, jurisdiction is proper in this Court.

6. Answering Paragraph 6 of the Complaint, DSNB admits that, based on the allegations of the Complaint, venue is proper in this Court, but lacks sufficient knowledge as to the truth of the allegations contained in Paragraph 6 and denies the allegations on such basis.

7. Answering Paragraph 7 of the Complaint, DSNB lacks sufficient knowledge as to the truth of the allegations and denies the allegations on such basis.

8. Answering Paragraph 8 of the Complaint, DSNB admits that defendant Macy's, Inc. ("Macy's") is a national retail vendor of consumer goods, but lacks sufficient knowledge as to the truth of the remaining allegations and denies the remaining allegations on such basis admits the allegations contained therein.

9. Answering Paragraph 9 of the Complaint, DSNB states that it is a national bank located in Sioux Falls, South Dakota, with the address referenced in Paragraph 9, and that it issues credit cards for use at Macy's retail stores. Otherwise, denied.

10. Answering Paragraph 10 of the Complaint, DSNB denies the allegations.

11. Answering Paragraph 11 of the Complaint, DSNB lacks sufficient knowledge as to the truth of the allegations and denies the allegations on such basis

12. Answering Paragraph 12 of the Complaint, DSNB lacks sufficient knowledge as to the truth of the allegations in the first sentence of Paragraph 12 and denies the allegations on such basis. DSNB denies the allegations in the second sentence of Paragraph 12.

13. Answering Paragraph 13 of the Complaint, DSNB admits that a Macy's credit card account (the "Account") exists in Plaintiff's name that currently is issued by DNSB, but lacks sufficient knowledge as to the truth of the remaining allegations and denies the allegations on such basis.

14. Answering Paragraph 14 of the Complaint, DSNB admits that Plaintiff defaulted on the Account, but lacks sufficient knowledge as to the truth of the remaining allegations and denies the remaining allegations on such basis.

15. Answering Paragraph 15 of the Complaint, DSNB lacks sufficient knowledge as to the truth of the allegations and denies the allegations on such basis.

16. Answering Paragraph 16 of the Complaint, DSNB lacks sufficient knowledge as to the truth of the allegations and denies the allegations on such basis.

17. Answering Paragraph 17 of the Complaint, DSNB lacks sufficient knowledge as to the truth of the allegations and denies the allegations on such basis.

18. Answering Paragraph 18 of the Complaint, DSNB lacks sufficient knowledge as to the truth of the allegations and denies the allegations on such basis.

19. Answering Paragraph 19 of the Complaint, DSNB lacks sufficient knowledge as to the truth of the allegations and denies the allegations on such basis.

20. Answering Paragraph 20 of the Complaint, DSNB lacks sufficient knowledge as to the truth of the allegations and denies the allegations on such basis.

21. Answering Paragraph 21 of the Complaint, DSNB lacks sufficient knowledge as to the truth of the allegations and denies the allegations on such basis.

22. Answering Paragraph 22 of the Complaint, DSNB denies the allegations.

23. Answering Paragraph 23 of the Complaint, DSNB states that no response is required because it contains only legal conclusions; to the extent a response is required, DSNB states that the California statutory provision cited speaks for itself.

24. Answering Paragraph 24 of the Complaint, DSNB denies the allegations.

25. Answering the Prayer of the Complaint, DSNB denies that defendants have any liability to Plaintiff whatsoever and further denies that Plaintiff is entitled to any recovery against defendants.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

FAILURE TO STATE A CAUSE OF ACTION

1.  The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, on the grounds that the Complaint fails to set forth facts sufficient to state a cause of action against DSNB.

## SECOND AFFIRMATIVE DEFENSE

### ESTOPPEL

2.  The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, on the grounds that the conduct, actions and inactions of Plaintiff amount to and constitute an estoppel of the causes of action and any relief sought thereby.

## THIRD AFFIRMATIVE DEFENSE

### FAILURE TO MITIGATE

3.  The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, because although DSNB denies that Plaintiff has suffered any harm as alleged in the Complaint, to the extent that Plaintiff has suffered harm, she has failed to mitigate that harm.

## FOURTH AFFIRMATIVE DEFENSE

### COMPARATIVE NEGLIGENCE

4.  The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, on the grounds that DSNB denies any legal responsibility for the alleged damages of Plaintiff; however, to the extent that DSNB is found to be legally responsible, DSNB's legal responsibility is not the sole and proximate cause of such alleged injuries, and any damages awarded to Plaintiff are to be apportioned in accordance with the fault and legal responsibility, if any, of all parties, persons and entities who contributed to and/or caused said damages.

## FIFTH AFFIRMATIVE DEFENSE

### INDEPENDENT/INTERVENING CONDUCT

5.  The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, on the grounds that any damage sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent and unlawful conduct of independent third parties or her agents, and not any act or omission on the part of DSNB.

## SIXTH AFFIRMATIVE DEFENSE

### PREEMPTION AND PRIVILEGE

6.  The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, based on federal preemption and privilege.

## SEVENTH AFFIRMATIVE DEFENSE

### DSNB IS NOT A "DEBT COLLECTOR"

7.  Plaintiff's claim under the Federal Debt Collection Practices Act ("FDCPA") is barred because DSNB is not a "debt collector" subject to the FDCPA.

## EIGHTH AFFIRMATIVE DEFENSE

### FAILURE TO COMPLY WITH CONDITIONS PRECEDENT

8.  The Complaint, and each cause of action set forth therein, is barred, in whole or in part, on the grounds that Plaintiff failed to comply with conditions precedent for bringing such causes of action.

## NINTH AFFIRMATIVE DEFENSE

### STATUTE OF LIMITATIONS

9.  The Complaint, and each cause of action set forth therein, is barred, in whole or in part, based on the applicable statutes of limitations.

## **TENTH AFFIRMATIVE DEFENSE**

### SET OFF

10. To the extent Plaintiff is entitled to any recovery, which is assumed only for the purpose of this affirmative defense, DSNB is entitled to a set-off of any such recovery based on the amount owing to DSNB pursuant to the credit card account underlying Plaintiff's claims.

## **ELEVENTH AFFIRMATIVE DEFENSE**

### RESERVATION OF RIGHT TO ASSERT OTHER DEFENSES

11. DSNB expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

WHEREFORE, DSNB prays for judgment as follows:

1. That Plaintiff takes nothing by her Complaint;
2. That the Complaint be dismissed with prejudice;
3. That DSNB recover its attorneys' fees, expenses and costs herein, as allowed for under any applicable law; and
4. For such other and further relief as the Court deems just and proper.


Dated: July 18, 2008

        MICHAEL D. SCHULMAN
        LAW OFFICES OF MICHAEL D. SCHULMAN

        By: _/s/ Michael Schulman_

        ATTORNEYS FOR DEFENDANTS
        DEPARTMENT STORE NATIONAL BANK
        AND MACY'S, INC.

## PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 21800 Oxnard Street, Suite 750, Woodland Hills, CA 91367.

On August 11, 2008, I served the documents described as:

ANSWER OF DEFENDANT DEPARTMENT STORES NATIONAL BANK

on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope addressed as follows:

Irving L. Berg
The Berg Law Group
145 Town Center, PMB 94925
Corte Madera, CA 94925

X  BY MAIL

As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

__ BY PERSONAL DELIVERY.

__ BY FACSIMILE DELIVERY.

__ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

 X  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 11, 2008, at Woodland Hills, California.

```
     Yvette Montejo
     Type or Print Name                              Signature
```